# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

No. 1:99-CR-188

United States of America

v.

Shane Lamar Moss

                                                          Defendant

**Report and Recommendation Re: Petition for Warrant
or Summons for Offender Under Supervision**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed March 19, 2009 alleging that the Defendant, Shane Lamar Moss, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. See United States v. Rodriguez, 23 F.3d 919, 920 n.1 (5th Cir. 1994); see also 18 U.S.C. § 3401(I) (2000); Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. The Original Conviction and Sentence

The Defendant was sentenced on August 7, 2000, before the Honorable Howell Cobb, United States District Judge of the Eastern District of Texas, after pleading guilty to felon in possession of

a firearm, a class C felony. The offense carried a statutory maximum imprisonment term of 10 years' imprisonment. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. The Defendant was sentenced to 96 months' imprisonment, which was followed by a three-year term of Supervised Release, subject to the standard conditions of release, plus special conditions to include drug aftercare, and a $100 special assessment. The case was reassigned to the Honorable Ron Clark on June 26, 2007.

## II. The Period of Supervision

Mr. Moss completed his period of imprisonment and began service of his supervision term on March 30, 2007.

## III. The Petition

United States Probation filed the pending Petition for Warrant or Summons for Offender Under Supervision on March 19, 2009. The petition alleges that the Defendant violated the following conditions of release:

| | | |
|---|---|---|
| 1. Mandatory Condition: | | Defendant shall not commit another federal, state, or local crime. |
| 2. Standard Condition: | | Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer. |
| 3. Mandatory Condition: | | Defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer. |

The petition alleges that on or about January 16, 2009, Mr. Moss was arrested by the Kountze Police Department on the charge of hindering apprehension, and was later released from

custody and failed to notify the U.S. Probation Office of his arrest, as required. The petition further alleges that on March 5, 2009, Mr. Moss was arrested by Jasper County Sheriff's Department on a charge of burglary of a habitation, and also failed to notify the U.S. Probation Office of his arrest, as required. Lastly, Mr. Moss admitted to using heroin on or about March 5, 2009.

### IV. Proceedings

On November 3, 2011, United States Magistrate Judge Zack Hawthorn convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether The Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the government and the Defendant announced an agreement as to a recommended disposition. The Defendant pled "true" to the Government's allegation that he violated the mandatory condition of standard supervised release, to wit: "The defendant shall not commit another federal, state, or local crime." Further, the parties agreed the court should revoke the Defendant's supervised release and impose a sentence of twenty-four (24) months' imprisonment, with no term of supervised release thereafter. The Defendant also requested that his imprisonment term be served at the Federal Correctional Institution in El Reno, Oklahoma.

### V. Principles of Analysis

If the Court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the Defendant violated a condition of supervised release, it may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the

offense that resulted in such term of supervised release without credit for time previously served on post-release supervision. 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. 7B1.1(a), if the Court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by committing a federal, state, or local crime, to wit being arrested (and later convicted) by Jasper County Sheriff's Department on March 5, 2009 on the charge of burglary of a habitation, Shane Lamar Moss will have committed a Grade A violation. Upon a finding of a Grade A violation, the Court shall revoke probation or supervised release. U.S.S.G. § 7B1.3(a)(2). Upon such revocation, based on a Grade A violation and a criminal history category of IV, the guideline imprisonment range is 24 to 30 months. U.S.S.G. § 7B1.4(a). However, due to the statutory maximum imprisonment range of 2 years, the guideline imprisonment range is 24 months.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; see 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; see 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; see 18 U.S.C. 3553(a)(4); see also 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; see 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; see 18 U.S.C. § 3553(A)(6).

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the Government's allegation that he violated a court-ordered condition of supervised release by committing another federal, state, or local crime. Based upon the Defendant's plea of "true" to this allegation of the Government's Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated conditions of supervised release.

The undersigned has carefully considered each of the five factors listed in 18 U.S.C. §§ 3583(e) and 3553(a). The Defendant's violation is a Grade A violation, and the Defendant's criminal history category is IV. Policy guidelines suggest 24-30 months' imprisonment. The Defendant did not comply with the conditions of his supervision, and he has demonstrated an inability to adhere to conditions of supervision. As such, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation will best be served by a term of incarceration.

## VII. Recommendations

1. The court should find that the Defendant violated a standard condition of supervised release by committing another federal, state, or local crime;

2. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3565;

3. The Defendant should be sentenced to a term of imprisonment of twenty-four (24) months (to be served at the Federal Correctional Institution in El Reno, Oklahoma, if possible); and

4. Upon release of imprisonment, the Defendant should not be placed on supervised release.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein, and consenting to the imposition of the above sentence recommended in this report. The Defendant waived his right to be present and speak before the district judge imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 4th day of November, 2011.

_____
Zack Hawthorn
United States Magistrate Judge